**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                           **Case No. 2:13-cr-1-FtM-29CM**

**HEBER FERNANDEZ-SANCHEZ,**

                    **Defendant.**
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR A SENTENCE CONCURRENT WITH HIS 12 YEAR FLORIDA STATE PRISON SENTENCE

The Defendant, Heber Fernandez-Sanchez, by and through undersigned counsel, hereby files this Sentencing Memorandum to this Honorable Court in the above-styled cause and as grounds therefore states as follows:

## BACKGROUND

Mr. Fernandez-Sanchez was born on June 3, 1983. PSR ¶ 34. He has never known his parents. *See id.* Mr. Fernandez-Sanchez was adopted at six months of age by Isabel Guerrero and Delfina Sanchez. *See id.* Mr. Fernandez-Sanchez grew up very poor without electricity, running water, or food to meet his basic needs. PSR ¶ 36. Mr. Fernandez-Sanchez was regularly beaten by his adoptive parents and sexually abused by one of his adopted parents' children. PSR ¶ 37. Despite this abuse, Mr. Fernandez-Sanchez found life even harder when his adopted parents forced him live on the streets. PSR ¶ 61. This period was marked by extreme sadness and loneliness, and Mr. Fernandez-Sanchez was forced to eat dirt to try to survive. *See id.* At the age of fifteen, Mr. Fernandez-Sanchez came to the United States to escape the poverty. PSR ¶ 38.

Mr. Fernandez-Sanchez pled nolo contendere to Attempted Sexual Battery of a Child Less than 12 Years of Age in 2014. PSR ¶ 28. Mr. Fernandez-Sanchez is now serving 12 years in prison followed by 18 years of probation for that offense. *See id.* While serving time for his conviction in the Florida State Prison System, Mr. Fernandez-Sanchez has suffered numerous assaults, including, without limitation, (i) having his ear cut after being assaulted from behind, (ii) being bit on his penis, (iii) being grabbed by a Collier County Jail Corrections Officer—possibly an attempt to sexually assault him--in July 2014 leaving red marks on his chest and upper arms, and (iv) being sexually assaulted at the Florida Department of Corrections South Florida Reception Center Facility. PSR ¶¶ 45, 46, 48, 49, and 56.

While at the Glades County Detention Center, Mr. Fernandez-Sanchez has been diagnosed with various mental health disorders, including Adjustment Disorder with Anxiety, Post-Traumatic Stress Disorder, and Depression. *See* Exhibit "A".

## MEMORANDUM OF LAW

### I.    SENTENCING GUIDELINES

Pursuant to United States Probation, Mr. Fernandez-Sanchez's offense level is now a 10, with a criminal history category III, for an advisory Guidelines range of 10-16 months. PSR ¶ 72. Mr. Fernandez-Sanchez concurs.

### II.    REQUEST FOR A SENTENCE CONCURRENT WITH MR. FERNANDEZ-SANCHEZ'S FLORIDA STATE COURT SENTENCE

The Sentencing Reform Act granted district courts discretion to order that a sentence run concurrently to an undischarged term of imprisonment. 18 U.S.C. § 3584(a); *See also United States v. Fuentes*, 107 F.3d 1515 (11th Cir. 1997). The Court shall consider the factors set forth in Section 3553(a) in determining whether terms imposed are to be run concurrently. 18 U.S.C. § 3584(b).

Section 3553(a) provides that "the Court shall impose a sentence sufficient, but not greater than necessary..." Mr. Fernandez-Sanchez will not be released from prison until June 7, 2024. PSR ¶ 28. He will then be deported. The twelve year sentenced imposed by the Florida State Court—along with a concurrent 10 month sentence from this Court—would provide for deterrence and promote respect for the law. Mr. Fernandez-Sanchez would have almost a full decade to contemplate the crimes which he has committed and to be punished for his behavior. During this time, Mr. Fernandez-Sanchez can receive whatever mental health treatment is necessary.

Finally, as a sex offender, Mr. Fernandez-Sanchez's brief history in prison has shown that his incarceration will be particularly difficult. Based on the multiple assaults perpetrated on him, Mr. Fernandez-Sanchez has proven to be a vulnerable inmate. More prison time will not provide any more punishment, deterrence, or treatment, but rather will be a burden on the prison system which will need to protect him and care for him after any attacks. Various courts have taken into consideration the vulnerability of an inmate in fashioning an appropriate sentence. *See United States v. Gonzalez*, 945 F.2d 525, 527 (2d Cir. 1991) (departure affirmed for defendant who had "feminine cast to his face" and "softness of features" which would make him prey to prisoners); *United States v. Lara*, 905 F.2d 599, 603 (2d Cir. 1990) (departure from 10 to 5 years upheld for defendant whose youthful appearance and bisexuality made him particularly vulnerable to victimization, a factor not adequately considered by the Guidelines); *United States v. Long*, 977 F.2d 1264, 1277-78 (8th Cir. 1992) (court departed from 46 months to one year home detention because four doctors wrote defendant would be subject to victimization and potentially fatal injuries in prison based on extraordinary physical impairment); *United States v. Parish*, 308 F.3d 1025, 1031-32 (9th Cir. 2002) (eight level departure granted in child porn case in part

because defendant had "high susceptibility to abuse in prison" due to his demeanor, his naivete, and the nature of the offense as psychiatrist opined); *United States v. Ruff*, 998 F. Supp. 1351, 1359-60 (M.D.Ala. 1998) (one level departure granted to impose home detention to a slim, effeminate, and gay defendant who broke into post office who had previously been assaulted in prison). In Mr. Fernandez-Sanchez's case, a 10 month concurrent sentence to his 12 year Florida State Prison Sentence will provide sufficient punishment, deterrence, and treatment, and limit the risk of harm to Mr. Fernandez-Sanchez.

## CONCLUSION

For the foregoing reasons, pursuant to 18 U.S.C. § 3584(a) and 18 U.S.C. § 3553(a), Mr. Fernandez-Sanchez respectfully requests that his sentence be concurrent with his State Court sentence for Florida Case Number 2012-CF-1572, and that a sentence of 10 months would be sufficient, but not greater than necessary.

Respectfully submitted,

Donna L. Elm
Federal Defender

/s/ G. Ellis Summers, Jr.
G. Ellis Summers, Jr.
Florida Bar No.0815691
Assistant Federal Defender
1514 Broadway, Suite 301
Ft. Myers, Florida 33901
Telephone: 239-334-0397
Fax: 239-334-4109
E-Mail: ellis_summers@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of September, 2015 the foregoing was electronically filed with the Clerk of Court and a copy will be sent electronically to Jesus Casas, Assistant United States Attorney, 2110 First Street, Fort Myers, FL 33901.

/s/ G. Ellis Summers, Jr.
G. Ellis Summers, Jr.
Assistant Federal Defender